# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0770-20

T.M.H.,

    Plaintiff-Respondent,

v.

L.J.H.,

    Defendant-Appellant.

_____

        Argued November 9, 2021 – Decided January 18, 2022

        Before Judges Hoffman, Geiger and Susswein.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FV-03-0216-21.

        Mark J. Molz argued the cause for appellant (Mark J. Molz, attorney; Mark J. Molz, on the brief).

        Respondent has not filed a brief.

PER CURIAM

Defendant L.J.H.[1] appeals from the final restraining order (FRO) entered against him on October 7, 2020, pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. Defendant and plaintiff, T.M.H., are husband and wife. Plaintiff contends that Family Part Judge Lisa James-Beavers abused her discretion in finding that plaintiff's version of events was more credible than the version that he presented at the FRO trial. He also contends that the judge erred in finding that the FRO was needed to prevent further domestic violence. After carefully reviewing the record in light of the applicable legal principles, we conclude that the trial court properly considered the relevant facts and circumstances and affirm.

I.

Because we affirm substantially for the reasons explained in Judge James-Beavers' thoughtful and comprehensive oral decision, we need only briefly summarize the procedural history and facts relevant to this appeal. On August 2, 2020, plaintiff filed a domestic violence complaint and obtained a temporary restraining order (TRO) against defendant alleging predicate acts of assault and harassment. The TRO was amended on August 11, 2020, and

---

[1] In accordance with Rule 1:38-3(d)(10), we identify the parties by their initials.

again on September 11, 2020, to include additional predicate acts of alleged criminal mischief, criminal trespass, and contempt of a domestic violence order.[2]

The FRO trial was convened on October 6 and October 7, 2020. Both plaintiff and defendant testified. At the conclusion of the trial, Judge James-Beavers rendered an oral decision, finding that defendant had proved by a preponderance of the evidence that defendant committed the predicate acts of assault, harassment, and contempt of a domestic violence restraining order. The judge found that plaintiff had not proved the alleged predicate acts of criminal mischief and criminal trespass.

The judge also found that plaintiff had proved that she was in need of the protection of an FRO to prevent further abuse, whereupon the judge entered the order granting plaintiff's request for an FRO. Defendant was prohibited from committing further acts of domestic violence, harassing or stalking plaintiff, possessing firearms, or returning to the marital home. The court also

---

[2] The TRO was amended a third time on October 6, 2020—the first day of the trial—to include additional allegations of past domestic violence between the parties and to include voicemail and text messages. The trial court reconsidered and reversed her decision to allow the last-minute amendment. When rendering her decision at the conclusion of the trial, the judge made clear that she did not consider the allegations and information that had been added to the complaint in the October 6 amendment.

A-0770-20

ordered defendant to return a vehicle to plaintiff, to undergo psychological testing, and to pay a fifty dollar domestic violence penalty.

Plaintiff and defendant presented diametrically opposing accounts of the events relating to the alleged predicate acts. The judge noted in this regard that the two versions of what happened "couldn't be more different." We summarize the facts that the judge found based on the evidence adduced at trial:

On the night of August 1, 2020, defendant came into plaintiff's room while she was in bed and started an argument, insinuating that she was "cheating." Plaintiff went downstairs "to just have peace." Defendant followed her. Plaintiff picked up defendant's cellphone, stating that if he could look at her phone, she could look at his. She found text messages from other women. Plaintiff became angry and slapped her. He continued to slap her in the face as she tried to get away. She felt pain in her jaw from the slapping.

The judge found that there was a history of domestic violence, including an incident during which defendant slapped plaintiff while they were in a car. The judge also found that defendant spilled blue nail polish all over the floor, and ran over the well cap. The judge further found that T.M.H. believed

4

defendant to be suffering from a mental illness, paranoia, and that he violated the TRO by coming back to the home.

In rendering her decision, the judge explained that she believed plaintiff's version of events, finding that plaintiff was "straightforward in her testimony[,]" and that "she did have candor and general believability with regard to what occurred that night."

Based upon that credibility assessment, the judge concluded that defendant committed assault under N.J.S.A. 2C:12-1. She also found that defendant committed harassment under N.J.S.A. 2C:33-4(b)[3] by "subject[ing] another to striking, kicking, shoving, or other offensive touching or threaten[ing] to do so." The judge did not find that defendant committed criminal mischief under N.J.S.A. 2C:17-3 by spilling the blue nail polish on the floor. While rejecting defendant's testimony that the spilling was a mere accident, the judge determined that the property that was damaged was jointly owned by the parties. The judge likewise found that the criminal trespass statute, N.J.S.A. 2C:18-3, was not violated because defendant did not enter a research facility or utility company property. However, the judge did find that

---

[3] We note in the interest of completeness that the trial judge listed the harassment provision as N.J.S.A. 2C:32-4. The provision regulating harassment falls under N.J.S.A. 2C:33-4.

A-0770-20

defendant committed contempt of a domestic violence order under N.J.S.A. 2C:25-19(17) because "[d]efendant did come back to the home . . . he came back to the home, left coffee and a muffin, which would not be a bad gesture in and of itself . . . but when there is a domestic violence restraining order that [is violated] . . . I can conclude that was contempt of [a] restraining order."

Having found that predicate acts of domestic violence were committed, the judge next addressed whether plaintiff had established that an FRO was needed to prevent further abuse. The judge found credible plaintiff's testimony regarding a past history of domestic violence, including the prior assault that occurred inside a car. The judge also accredited plaintiff's testimony that defendant walked around the house holding his guns, and that he fires them on occasion. The judge rejected defendant's argument that plaintiff was not afraid of him as shown by the fact that she stayed in the house to pack her belongings rather than leave immediately after the predicate slapping incident. The judge found to the contrary that plaintiff was indeed afraid of defendant because he "has guns and walks around with them" and "she's terrified of what he is going to do . . . she does not feel safe at all with him." The judge thus concluded that an FRO was necessary to protect plaintiff from future acts of domestic violence.

A-0770-20

Defendant raises the following contentions for our consideration:

POINT I

THE TRIAL COURT ERRED BY NEVER MAKING A DETERMINATION OF CREDIBILITY REGARDING THE TESTIMONY OF DEFENDANT [L.J.H.]

POINT II

THE COURT FAILED TO ANALYZE THE SILVER FACTORS[.]

POINT III

THE EVIDENCE REMAINS IN EQUIPOISE[.]

II.

Defendant's contentions lack sufficient merit to warrant extensive discussion. R. 2:11-3(e)(1)(E). We begin our analysis by acknowledging that the scope of our review is limited. Appellate courts "accord substantial deference to Family Part judges, who routinely hear domestic violence cases and are 'specially trained to detect the difference between domestic violence and more ordinary differences that arise between couples.'" C.C. v. J.A.H., 463 N.J. Super. 419, 428 (App. Div. 2020) (quoting J.D. v. M.D.F., 207 N.J. 458, 482 (2011)). Moreover, "[d]eference is especially appropriate 'when the evidence is largely testimonial and involves questions of credibility.'" Cesare

v. Cesare, 154 N.J. 394, 412 (1998) (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). Accordingly, we will not disturb the factual findings of the trial judge unless they are so "manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." C.C., 463 N.J. Super. at 428 (quoting S.D. v. M.J.R., 415 N.J. Super. 417, 429 (App. Div. 2010)).

The PDVA authorizes courts to issue restraining orders "after a finding . . . is made that an act of domestic violence was committed by that person." N.J.S.A. 2C:25-29(a). An FRO may be issued if two criteria are met. Silver v. Silver, 387 N.J. Super. 112, 125 (App. Div. 2006). The plaintiff seeking the FRO must prove that (1) "one or more of the predicate acts set forth in N.J.S.A. 2C:25-19(a) has occurred," and (2) that the order is necessary to protect plaintiff from "immediate danger or to prevent further abuse." Id. at 125, 127.

The plaintiff must prove an act of domestic violence by a preponderance of the evidence. S.D., 415 N.J. Super. at 431 (citing N.J.S.A. 2C:25-29(a)). Under a preponderance standard, "'a litigant must establish that a desired inference is more probable than not. If the evidence is in equipoise, the burden has not been met.'" N.J. Div. of Youth & Fam. Servs. v. N.S., 412 N.J. Super.

8

593, 615 (App. Div. 2010) (quoting Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 169 (2006)). "The evidence must demonstrate that the offered hypothesis is a rational inference, that it permits the trier[] of fact to arrive at a conclusion grounded in a preponderance of probabilities according to common experience." Ibid. (alteration in original) (quoting In re Estate of Reininger, 388 N.J. Super. 289, 298 (Ch. Div. 2006)).

In Silver, we explained that "the commission of any one of the predicate acts enumerated in [the PDVA] does not automatically warrant issuance of a domestic violence restraining order. . . ." 387 N.J. Super. at 124. In R.G. v. R.G., we reaffirmed that principle, explaining that "the trial court must find a predicate offense and also find a basis, upon the history of the parties' relationship, to conclude the safety of the victim is threatened and a restraining order is necessary to prevent further danger to person or property." 449 N.J. Super. 208, 224 (App. Div. 2017); see also Corrente v. Corrente, 281 N.J. Super. 243, 248 (App. Div. 1995) ("[T]he drafters of the law did not intend that the commission of any one of these acts automatically would warrant the issuance of a domestic violence order.").

The second prong of the Silver two-part test "reflects the reality that domestic violence is ordinarily more than an isolated aberrant act and

A-0770-20

incorporates the legislative intent to provide a vehicle to protect victims whose safety is threatened. This is the backdrop on which defendant's acts must be evaluated." R.G., 449 N.J. Super. at 229 (citing Corrente, 281 N.J. Super. at 248). However, in A.M.C. v. P.B., we stressed that "[w]hen the predicate act is an offense that inherently involves the use of physical force and violence, the decision to issue an FRO 'is most often perfunctory and self-evident.'" 447 N.J. Super. 402, 417 (App. Div. 2016) (quoting Silver, 387 N.J. Super. at 127).

Applying these guiding principles to the matter before us, we conclude that the entry of the FRO was appropriate. We reject defendant's contention that the evidence was in equipoise. The trial judge made adequate credibility findings on the record, emphasizing that "as everyone is aware, this does come down to an issue of credibility." We see no abuse of discretion in the trial court's conclusion that plaintiff established that her version of events was more probable than not. See N.S., 412 N.J. Super. at 615. Based on plaintiff's testimony, the trial judge "arrive[d] at a conclusion grounded in a preponderance of probabilities according to common experience." Ibid. (quoting In re Estate of Reininger, 388 N.J. Super. at 298).

We likewise reject defendant's contention that the trial judge abused her discretion with respect to the second part of the Silver test. The judge

10

carefully considered the history of domestic violence between the parties and not just the present predicate acts. We add that defendant violated a TRO by returning to the marital residence. Plaintiff's fear of further abuse is clearly warranted. Furthermore, this case involves repeated instances of physical violence. That circumstance, viewed in context with all of the relevant factors, amply supports the trial judge's decision to issue an FRO. See A.M.C., 447 N.J. Super. at 417 ("When the predicate act . . . involves the use of physical force and violence, the decision to issue an FRO is . . . self-evident.").

To the extent we have not specifically addressed them, plaintiff's contentions lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-0770-20